**Carol DELA TORRE; et al.,**
**Plaintiffs—Appellants,**

v.

**COUNTY OF FRESNO; et al.,**
**Defendants—Appellees.**

No. 05–15538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided May 2, 2006.

W. Scott Quinlan, Esq., Law Offices of W. Scott Quinlan, Fresno, CA, for Plaintiffs–Appellants.

James J. Arendt, Esq., Michael Robert Linden, Esq., Weakley & Ratliff, Arendt & McGuire, LLP, Fresno, CA, for Defendants–Appellees.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

The plaintiffs challenge the magistrate judge's grant of summary adjudication on nearly two dozen issues. We affirm.

Dela Torre's claims are barred at this time because of her ongoing criminal prosecution under *Harvey v. Waldron.*[1] Morales–Opett's house was searched only because it was Dela Torre's house, so the search cannot violate her rights unless it also violated Dela Torre's rights. Inde-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Harvey v. Waldron,* 210 F.3d 1008, 1016 (9th Cir.2000).

pendent of the *Harvey* and *Heck v. Humphrey*[2] bar to Dela Torre's action, the warrant and the search were adequately supported and sufficiently limited.

█ It is not necessary for the government to get an expert to determine whether the credit card expenditures were relevant. When judges examine warrant applications, their task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3] Common sense indicates that employees charging tens of thousands of dollars in women's clothing and furniture on the credit cards of the charity they manage raises the "fair probability" that a crime has been committed, and that evidence will be found in the employees' homes.

█ Second, the warrant was neither lacking in particularity nor overbroad. A warrant may fail if it describes only "authoriz[ed] wholesale seizures of entire categories of items," but the government may cure this deficiency "by describing the items it expected to find, or by describing the criminal activities of which it hoped to find evidence."[4] The warrant was expansive, but it was limited to documents or evidence listed in an attachment that bore

on whether the credit cards were misused and other specific frauds were committed. Further, the government listed the state statutory violations it thought were committed and the warrant was thus limited to evidence of those crimes.

Third, the district court properly granted summary adjudication on the claim that the officers exceeded the scope of the warrant during the search. The plaintiffs failed to produce evidence rebutting the defendants' properly supported motion for summary adjudication on this point.[5]

Fourth, the plaintiffs' claim that the officer who produced the warrant affidavit omitted facts is baseless. Not every piece of information is required in a warrant affidavit. The plaintiffs' claim fails because they did not produce any evidence showing that any omission was deliberate or intentional, even if the omitted information was required.[6]

█ We also reject the plaintiffs' claim that the search was unlawful because the officers failed to give them a copy of the warrant and did not permit them to review the attachments. Federal Rule of Criminal Procedure 41(f) does not apply to a state search pursuant to a state warrant,[7] and nothing in the Fourth Amendment requires that the officers give the property owner a copy of the warrant.[8]

2. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

3. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

4. *Dawson v. City of Seattle*, 435 F.3d 1054, 1064 (9th Cir.2006) (internal quotations omitted) (alteration in original).

5. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than

simply show that there is some metaphysical doubt as to the material facts.").

6. *United States v. Endicott*, 803 F.2d 506, 509–10 (9th Cir.1986).

7. *See United States v. Martinez–Garcia*, 397 F.3d 1205, 1213 (9th Cir.2005).

8. *See United States v. Grubbs*, —— U.S. ——, ——, 126 S.Ct. 1494, 1501, —— L.Ed.2d ——, —— (2006).

The plaintiffs' Equal Protection claim fails because they do not articulate any causal connection between their race and the conduct in which they claimed the investigators engaged. No facts establishing a basis for an Equal Protection claim were submitted.

Lastly, the plaintiffs' challenges to the earlier warrants for the company's credit card and bank records also fail. The warrants are irrelevant to the harms and causes of action pleaded in the complaint and, in any event, baseless. The balance of plaintiffs' contentions either depend upon us accepting one of the arguments rejected above or are so curtly briefed as to be waived.[9]

AFFIRMED

9. *See* Federal Rule of Appellate Procedure 28(a)(9).